Date signed November 29, 2010



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | |
|---|---|
| IN Re: : | |
| : | |
| STEPHEN TODD STEPHENS | |
| : | Case No. 09-10127-PM |
| : | Chapter 7 |
| Debtor : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |
| STEVEN SHOWALTER : | |
| Plaintiff : | |
| vs. : | Adv. Pro. No. 09-0854PM |
| : | |
| STEPHEN TODD STEPHENS : | |
| Defendant : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | |

### MEMORANDUM OF DECISION

This case came before the court for trial on a Complaint objecting to Debtor's discharge filed by the Plaintiff, Steven Showalter, the holder of a liquidated claim in the form of a confessed judgment in the sum of $854,514.30, entered in the Circuit Court for Anne Arundel County, Maryland. The complaint appears to based up the following sections of the Bankruptcy Code[1]:

---

[1] While the complaint did not contain sufficient factual matter to state a claim plausible on its face sufficient to meet the pleading test set forth in such cases as *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Walker v. Prince George's County, Md.*, 575 F.3d 426 (CA4 2009), this issue was not raised by the defendant. Therefore, the case was tried under "the old rules" of notice pleading.

**11 U.S.C. § 727.  Discharge**

(a) The court shall grant the debtor a discharge, unless--
*          *          *          *
(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
(A) property of the debtor, within one year before the date of the filing of the petition; or
(B) property of the estate, after the date of the filing of the petition.

*          *          *          *

(4) the debtor knowingly and fraudulently, in or in connection with the case--
(A) made a false oath or account.

Plaintiff's case consisted of 69 exhibits and the testimony of the Debtor, the Debtor's father-in-law, R. Scot Tully, and Linda Ridgley, Debtor's bookkeeper.  Defendant's side of the case came in through the cross-examination of these witnesses and from 12 exhibits.

Plaintiff's case is based largely upon a long list of alleged deficiencies, errors and omissions contained within Debtor's bankruptcy schedules concerning interests held by Debtor in various corporate entities.[2]  Plaintiff first asserts that Debtor lied when he failed to include his stock interests in several Virginia entities (namely, AEC, ABS and BSOV) on Schedule B.  As evidence of Debtor's falsity by omission with respect to these assets, Plaintiff offered Exhibits 9 and 11, Stock Restriction and Buy-Sell Agreements among Debtor, his father-in-law and Brad Brinke that disclosed Debtor's ownership of 10% of the issued shares of BSOV and AEC.

---

[2] These corporate entities were mentioned during the trial and were generally referred to by the following initials:
        ABS - Atlantic Building Services, Inc.
        AEC - Atlantic Exterminating Company, Inc.
        ASG - Atlantic Services Group
        BSA - Building Specs of Annapolis, Inc.
        BSI - Building Specs, Inc.
        BSOMM - Building Specs of Mid-Maryland, Inc.
        BSOV - Building Specs of Virginia, Inc.
        TCR (AMR) - Total Cleaning and Restoration, Inc. d/b/a American Mold and Restoration

Debtor urges that this stock was never issued and that these Agreements could not be enforced by him because of limitations. Debtor's statement that the stock was not issued, however, is inconsistent with Exhibit 13, whereby Brinke surrendered his interests in these two companies following a dispute among the parties.[3]

      Plaintiff urges that the Debtor failed to disclose his income from his involvement with an enterprise engaging in publishing "Show Me How Videos". While the amount involved, as reflected on Exhibit 16, is not material, this action is indicative of the Debtor's approach to this dispute. To the same effect is the failure of the Debtor to schedule his ownership of the stock of BSA, another company said to be worthless. *See In re Mascolo*, 505 F.2d 274, 277-278 (CA1 1974) (Debtor must make full disclosure of all assets including those that are seemingly worthless particularly if disclosure might lead to a discovery of assets). Furthermore, in his answer to question 18 on the Statement of Financial Affairs, Debtor failed to state that he held any position as an officer or director of ABS within the six years prior to filing his bankruptcy case, when the fact was, as reflected on Exhibit 66 dated December 17, 2008, that he served as the President and Secretary, as well as a director, of that corporation. *See In re Chalik*, 748 F.2d 616 (CA11 1984) (Debtor's failure to make any reference to numerous corporations in which he had been an officer, director, or major shareholder during the six years prior to bankruptcy filing was a basis for denial of discharge). The court also notes that Debtor's answer to question 14 on the Statement of Financial Affairs as to property held for another person was in the negative. The fact was, however, that he had sole possession of a GMC Yukon SUV, the title of which was in the name of BSOV.

      But most egregious of all the proven allegations of the Plaintiff is the fact that the Debtor failed to disclose a debt owed to him by BSI in the sum of $300,000.00, as shown on its Balance Sheet dated December 31, 2009 [Exhibit 50]. This claim could have been pursued by the Trustee. While the Debtor disparages the efficacy of the claim, here again the cumulative effect of all the falsehoods together evidences a pattern of reckless and cavalier disregard for the truth to support a finding of fraudulent intent. *In re French*, 499 F.3d. 345, 359 (CA4 2007) (quoting *In re Sholdra*, 249 F.3d 380, 383 (CA5 2001)). As noted by Judge Alquist in the case of *In re Laurie*, 2008 WL 886121, at *9 (BC Md. March 28, 2008):

---

    [3]The statute of limitations is an affirmative defense, and the Debtor's failure to prosecute this claim is consistent with the pattern of conduct discussed below.

In order to be denied a discharge under § 727(a)(4)(A), "the debtor must have made a statement under oath which he knew to be false, and he must have made the statement willfully, with the intent to defraud." *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249, 251 (4th Cir.1987). Whether the debtor had the intent to defraud or deceive is a question of fact that the bankruptcy judge must ascertain from the facts and circumstances of the case. *Id*. *See also*, *Matter of Beaubouef*, 966 F.2d 174, 178 (5th Cir.1992) (In § 727(a)(4)(A) action, burden is on the plaintiff to prove that: (1) debtor made a statement under oath; (2) the statement was false; (3) debtor knew the statement was false; (4) debtor made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case). These elements must be proven by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279 (1991). False oaths sufficient to justify the denial of discharge include (1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at the examination during the course of the proceedings. *Beaubouef* at 178.

The purpose of this provision is to insure that debtors provide reliable information to those with an interest in the administration of the debtor's estate. *In re Kimberly Slatterly*, 333 B.R. 340 (D.Md. 2005). The subject matter of a false oath is "material" and thus sufficient to bar a debtor's discharge, if it bears a relationship to the debtor's business transactions or estate, concerns the discovery of assets, business dealings, or the existence or disposition of property. *In re Greens*, 202 B.R. 68 (D.Md.1996). A material misrepresentation can occur either by omission or commission. *Id*.

Viewing this case in the totality of the circumstances presented, the court finds that Debtor, when faced with the magnitude of the liquidated claim held by Plaintiff, took numerous steps within the year preceding the filing of his bankruptcy petition to remove property from his control so as to put such property out of Plaintiff's reach. Yet another example of Debtor's misconduct is the fact that he received, but never negotiated, a substantial amount of pay checks issued to him by ASG. The court concludes that the reason for this action, as well as numerous other actions undertaken by the Debtor, was to evade collection efforts on the part of the Plaintiff. The issue of the false oath is more problematic, but given the various omissions described above that evidence a pattern of reckless disregard for the truth, the court finds that the Plaintiff has met his burden by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 286-287 (1991).

An appropriate order will be entered.

cc:    Michael T. Cantrell, Friedman & MacFayden, 210 East Redwood Street, Ste. 400, Baltimore, MD 21202
Francis Albert Pommett, III, Law Offices of Nathanson & Pommett, P.C., 110 E. Lexington Street, Ste. 200, Baltimore, MD 21202
Charles J. Balint, 8312 Liberty Road, Baltimore, MD 21244

Michael G. Wolff, Goren, Wolff & Orenstein, LLC, 15245 Shady Grove Road, Ste. 465, North Lobby, Rockville, MD 20850

**End of Memorandum**